**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH CARROLL,**

                    **Plaintiff,**

**-vs-**                                                **Case No. 6:09-cv-1522-Orl-31DAB**

**PRO TECH PAINT AND BODY, INC., and**
**JOHNNY WILLIAMS,**

                      **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 8) filed by the Defendants, Pro Tech Paint and Body, Inc. ("Pro Tech") and Johnny Williams ("Williams"). Pursuant to the *Milburn* Order (Doc. 13) filed in this case, the response of the Plaintiff, Joseph Carroll ("Carroll") was due on or before November 2, 2009. To date, no such response has been filed.

This is a Fair Labor Standards Act, failure-to-pay-overtime case. Carroll contends that he was employed by the Defendants for three years, that he typically worked 60 hours per week, and that he was paid $750 per week no matter how many hours he worked. (Doc. 1 at 1-2). Working from an assumption that he was not paid at all for the 20 hours of overtime in each such work week, Carroll estimates that he is owed overtime wages – *i.e.*, time-and-a-half wages – in the

amount of $6,500. (Doc. 1 at 2). By the Court's calculations, Carroll would be owed more than $80,000.[1]

The FLSA only applies to (1) employees who are engaged in commerce or in the production of goods for commerce and (2) employees employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C.§206. For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce – *e.g.*, transportation or communication industry employees – or by regularly using the instrumentalities of interstate commerce in his work – *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel. *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2) and 29 C.F.R. § 776.24)). For an enterprise to qualify as one "engaged in commerce or in the production of goods for commerce" it must, among other requirements, have a "gross annual volume of sales made or business done [of] not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. §203(s)(1)A.

The Defendants contend that the Plaintiff, a painter, did not engage in commerce or the production of goods for commerce, in that he did all of his painting in Orange County and did not do such things as, for example, order supplies for the business. They also contend that the business did not exceed $500,000 in gross annual sales or business done in any of the three years

---

[1] $750 per week divided by 40 hours gives an hourly rate of $18.75, so Carroll's time-and-a-half rate would have been $28.13. Twenty hours of overtime at that rate would be $562.50. And Carroll contends that he worked for the Defendants for three years, so $562.50 per week times 156 weeks equals $87,750.00 in allegedly unpaid wages.

preceding the filing of this suit. In support of the motion for summary judgment, Defendant Williams, the president of Defendant Pro Tech, filed an affidavit attesting to these facts, as well as the Pro Tech's tax returns for 2006, 2007, and 2008. On these uncontradicted facts, neither the Plaintiff nor the Defendant is covered by the FLSA. Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 8) is **GRANTED**. The Clerk is directed to enter judgment in favor of the Defendants and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 9, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party